UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL D. WINBUSH,

        Petitioner,

                                                      Case Number 06-15154-BC
v.                                              Honorable Thomas L. Ludington

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Michael Winbush, presently confined at the Muskegon Correctional Facility in Muskegon, Michigan has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner challenges his 1996 conviction of second degree murder and possession of a firearm during the commission of a felony contrary to Michigan law. The Court has reviewed the petitioner's pleadings and now concludes that the petition was filed outside the limitations period set forth in 28 U.S.C. § 2244(d) and equitable tolling is inappropriate under the circumstances. The petition therefore will be dismissed.

I.

Following his conviction in the state trial court, the petitioner timely appealed as of right to the Michigan Court of Appeals. On August 24, 1999, the court of appeals affirmed. *People v. Winbush*, 1999 WL 33437833 (Mich. Ct. App. Aug. 24, 1999). Thereafter, the petitioner sought leave to appeal to the Michigan Supreme Court, which the supreme court denied on January 31, 2000. *People v. Winbush*, 461 Mich. 956, 607 N.W.2d 371 (2000) (table).

According to his application, the petitioner then claims to have submitted via certified mail

a motion for relief from judgment to the Wayne County, Michigan Circuit Court on April 21, 2001. He insists that he followed up with the clerk of that court and was assured by Cathy M. Garrett that his motion had been docketed on April 30, 2001. It appears that some four years elapsed before the petitioner thought to check on the status of his motion. He explains in his pleadings that he believed courts had unlimited time in which to render dispositions on motions. Nonetheless, he eventually contacted the clerk's office and learned that in fact his motion had never been docketed.

On May 18, 2005, the petitioner filed another motion for relief from judgment in the state trial court. The motion was properly docketed and eventually denied on July 29, 2005. Thereafter, the petitioner unsuccessfully sought relief from the denial in the court of appeals. He then sought leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 31, 2006, *see People v. Winbush*, 477 Mich. 907, 722 N.W.2d 838 (2006), and the instant petition for a writ of habeas corpus followed.

II.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

In the present case, the Michigan Supreme Court denied the petitioner's application for leave to appeal his convictions on January 31, 2000. Under 28 U.S.C. § 2244(d)(1)(A), the judgment becomes final ninety days after the state's highest court renders its decision, which takes into account the period within which the petitioner may apply to the United States Supreme Court for a writ of certiorari. *Bell v. State of Maryland*, 378 U.S. 226, 232 (1964); *Stanley v. Bock*, 2004 WL 3086882 (E.D. Mich. Dec. 29, 2004). The petitioner's conviction therefore became final on May 1, 2000, at which time the statute of limitations commenced. Under the statute, the petitioner had until May 1, 2001 to file his petition for a writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in the state court. 28 U.S.C. § 2241(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

The petitioner believes that the limitations period was tolled six days before it expired when he claims he submitted by first class mail a motion for relief from judgment to the state trial court on April 25, 2001. However, he also concedes that the motion was never docketed. The fact that he learned his motion had not been docketed prompted him, some four years later, to file another such motion on May 18, 2005. Although the petitioner diligently pursued collateral review in the state courts after that date, there is no record evidence that the petitioner ever filed his first motion for relief from judgment. Thus, according to the state court dockets, the petitioner did not seek state judicial attention between January 31, 2000 and May 18, 2005.

Since the statute of limitations for filing the habeas petition expired on May 1, 2001; there is no record of a motion being filed within the habeas limitations period which would toll the statute; and the habeas petition was not filed until November 17, 2006, the Court concludes that the petition was untimely.

B.

The limitations period set forth in section 2244(d) is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), and the Sixth Circuit has held that one-year period may be equitably tolled. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this circuit, courts also must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The *Andrews v. Orr* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. [*Dunlap*, 250 F.3d] at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

The pleadings present two potential grounds for equitable tolling or disagreement with the Court's determination of untimeliness, neither of which is particularly persuasive. First, the petitioner insists he did file his motion for relief from judgement on April 25, 2001. Second, his papers suggest that the limitations period would have been tolled had it not been for negligence of

the Wayne County Circuit Court Clerk.

With respect to the first argument, even assuming the truth of the petitioner's claim that he filed a motion for relief from judgment that would have operated to toll the limitations period, he has not demonstrated that he exercised the requisite due diligence in pursuing his case. As noted, it is well-established that in order for a petitioner to claim an entitlement to equitable tolling, he must show that he "exercised reasonable diligence in . . . bringing [the] claims." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period the petitioner is exhausting state court remedies as well. *See, e.g.*, *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (reasoning that equitable tolling is not warranted where appellant "made no showing that he 'exercised reasonable diligence' in satisfying the exhaustion requirement in order to present his claims in a timely federal habeas petition"). Indeed, the language of AEDPA itself indicates as much, requiring that collateral attacks be "properly filed" in the first instance. 28 U.S.C. § 2244(d)(2).

Due diligence "does not require 'the maximum feasible diligence,'" *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004), "but it does require reasonable diligence in the circumstances," *ibid.* Here, the petitioner's pleadings suggest that he was aware that he was filing a motion for relief from judgment just days before the limitations periods was to run. Diligence under the circumstances and in light of the "tight" time line would seem to dictate inquiry into the status of the motion well before the lapse of four years. Indeed, it is not the role of the Court to "relieve a petitioner who has sat upon his rights." *See United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000). The Court therefore can discern no basis for equitable tolling even assuming the truth of the petitioner's

assertion that he timely filed a motion for relief from judgment in the state court.

Nor will the negligence, if any, of the Wayne County Circuit Court Clerk serve to save the petition. The Court is to "invoke the doctrine of equitable tolling 'only sparingly,' and will not toll a statute because of 'what is at best a garden variety claim of excusable neglect' on the part of the defendant." *United States v. Midgely*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin*, 498 U.S. at 96). Absent a showing of intentional inducement or trickery, a statute of limitations should be tolled only in the "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Alvarez-Machain v. United States*, 96 F.3d 1246, 1251 (9th Cir. 1996).

Here, the petitioner does not allege intentional misconduct by the clerk's office in addressing his motion for relief from judgment. He merely implies that the clerk's office may have misplaced his submission or that he was given erroneous information as to its status. In either case, there is no implication that there was intentional inducement or trickery by the clerk's office and certainly not over a span of four years. *See Maghee v. Ault*, 410 F.3d 473 (8th Cir. 2005) (petitioner claimed the clerk's office made mistakes which made it impossible for him to file his habeas petition timely, and no equitable tolling was warranted); *Garrick v. Vaughn,* 2003 WL 22331774, (E.D. Pa. Sept. 3, 2003) (the clerk was untimely in sending habeas forms when the petitioner requested them before the statutory period expired, and equitable tolling was not justified). The pleadings in this case therefore do not support an entitlement to equitable tolling.

III.

The one-year limitation period expired before the petitioner filed his habeas corpus petition, and neither statutory tolling under § 2244(d)(2), nor equitable tolling under is appropriate here.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 11, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS